**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Eleuterio MALDONADO SANTOS,<br><br>   *Petitioner*,<br><br>v.<br><br>Kenneth GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General.<br><br>   *Respondents*. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## <u>INTRODUCTION</u>

Petitioner Eleuterio Maldonado Santos is a longtime New Yorker and the husband of a Lawful Permanent Resident who had a liver transplant in October 2025 and remains largely housebound. Tragically, his wife's son was recently killed and the family held a funeral for him on Monday. Mr. Maldonado Santos is his wife's primary caretaker and breadwinner. But yesterday, as he drove to work in Manhasset, New York, immigration officers stopped and detained him. His detention was neither individualized nor justified. Instead, Mr. Maldonado Santos's detention is part of a campaign of random, often race-based stops and detentions that result in the jailing of individuals with deep community ties without any individualized review. Respondents now purport to hold Petitioner in mandatory detention, without recourse to bond, despite his longtime residence in the U.S. and his marriage to a Lawful Permanent Resident.

Because his detention is unlawful, he asks this Court to grant his petition and order his immediate release.

**PARTIES**

1.      Petitioner Eleuterio Maldonado Santos is resident of Hempstead, New York. He was detained by Respondents on February 18, 2026 and remains in their custody.

2.      Kenneth Genalo is named in his official capacity as the Field Office Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security. The ICE New York Field Office is respomsible for detentions in the greater New York City area, including Nassau County. In this capacity, Mr. Francis is also responsible for the administration of immigration laws and the execution of detention and removal determinations and is a legal custodian of Petitioner. Respondent Francis's address is New York ICE Field Office Director, 26 Federal Plaza, 7th Floor, New York, New York 10278.

3.      Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security.  In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) (2007); routinely transacts business in the Eastern District of New York; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a legal custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, District of Columbia 20528.

4.      Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Eastern District of New York and is legally responsible for administering Petitioner's removal and custody proceedings and for the standards used in those proceedings. As such, she is the custodian of Petitioner. Respondent Bondi's office

is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

## JURISDICTION

5. The federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner was detained by Respondents on June 23, 2025.

6. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

7. Venue is appropriate in this district as Petitioner is currently detained here at the Nassau County Jail in East Meadow, New York.

## SPECIFIC FACTS ABOUT PETITIONER

8. Mr. Maldonado Santos is a resident of Hempstead, New York who has resided in New York for over thirty years. He is married to a Lawful Permanent Resident who has been disabled since 2009. His wife suffers from an autoimmune disease which necessitated a liver transplant in October 2025. Since then, she requires frequent follow-up visits and, because of her reduced immune system, is not supposed to spend time in public places. Mr. Maldonado Santos is the primary breadwinner and caretaker to his wife, who performs basic tasks and errands for her.

9.      Mr. Maldonado Santos raised his U.S.-citizen stepdaughter from a young age. His wife has another son who tragically was killed earlier this month; the family had a funeral for him this past Monday.

10.     Mr. Maldonado Santos works in building maintenance. He has diabetes and suffers from physical pain that makes his family very worried for his health and wellbeing in custody.

11.     On information and belief, Mr. Maldonado Santos does not have any criminal history.

12.     From 1999 until the present, Mr. Maldonado Santos held Temporary Protected Status (TPS), a statutory form of protection from removal renewable every 18 months for eligible indiviudals. *See* 8 U.S.C. § 1254a. In July 2025, Respondent Noem terminated the TPS designation for Honduras. On December 31, 2025, a judge in California found that the termination of that designation—as well as two others—violated the Administrative Procedure Act. *Nat'l TPS All. v. Noem*, No. 25-CV-05687-TLT, 2025 WL 4058572, at *24 (N.D. Cal. Dec. 31, 2025). However, on February 9, 2026, the Ninth Circuit stayed that decision. *Nat'l TPS All. v. Noem*, 26-199 (9th Cir. Feb. 9, 2026).

13.     On February 18, Mr. Maldonado Santos's stepdaughter was able to pick up his car key at the Nassau County Jail in East Meadow, New York. An officer there confirmed to her that Mr. Maldonado Santos was at the jail and said he would be there for approximately three days.

14.     The ICE locator does not currently list a location for Mr. Maldonado Santos, but it says that he is under the jurisdiction of the ICE Enforcement and Removal Operations office in Central Islip.

### LEGAL FRAMEWORK FOR CIVIL IMMIGRATION DETENTION

15.     Congress has authorized civil detention of noncitizens in removal proceedings for specific, non-punitive purposes. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018); *Zadvydas v. Davis*,

533 U.S. 678, 690 (2001). For individuals who are "arriving" in the U.S. or who are subject to expedited removal because they have been present under two years and meet certain other requirements, mandatory detention is authorized by 8 U.S.C. § 1225(b). For individuals who are in removal proceedings following entry without inspection and who are not subject to mandatory detention based on criminal history, detention is normally authorized by 8 U.S.C. § 1226(a). Individuals with a final order of removal may be subject to mandatory or discretionary detention pursuant to 8 U.S.C. § 1231(a).

16.     Detention serves only two legitimate purposes: mitigating flight risk and preventing danger to the community. *See Zadvydas*, 533 U.S. at 690; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020).

17.     Beginning in May 2025, the Board of Immigration Appeals and the Department of Justice have promulgated a series of decisions and policies to attempt to reclassify individuals who entered the country without inspect as subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). *See Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025); *Matter of Yajure Furtado,* 29 I&N Dec. 216 (BIA 2025). As a result, individuals like Petitioner who entered the U.S. without inspection are now not eligible for bond absent a federal-court order in a habeas case.

18.     Respondents' position on their own detention authority contradicts decades of settled precedent, which holds that individuals who entered the U.S. without inspection are governed by 8 U.S.C. § 1226(a). Regulations promulgated nearly thirty years ago provide that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under Section 1226. 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Until recently, Respondents consistently adhered to this interpretation. *See, e.g., Matter of Garcia-*

5

*Garcia*, 25 I&N. Dec. 93 (BIA 2009); *Matter of D-J-*, 23 I&N. Dec. 572 (A.G. 2003); *see also* Transcript of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) ([Solicitor General]: "DHS's long-standing interpretation has been that 1226(a) applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended.").

19.    Since this shift, "hundreds of district court decisions have rejected Respondents' expansive interpretation of Section 1225." *Molina v. DelLeon,* No. 25-CV-06526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (collecting cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

20.    In November, a district court in California also held in a series of decisions that DHS's position on bond eligibility is unlawful with respect to "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025); *see also Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). That judgement should be binding on Respondents nationwide, but instead Respondents have directed immigration judges to ignore the decision. On February 18, the court granted plaintiffs' motion to enforce the judgment and excoriated the government for "far cross[ing] the boundaries of constitutional conduct." *Lazaro*

*Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.*, 5:25-cv-01873-SSS-BFM at \*10 (C.D. Cal. February 18, 2026).

21.     Respondents' actions in detaining individuals like Petitioner without an individualized custody determination violates the right to due process. A person's liberty cannot be infringed upon without "adequate procedural protections." *Zadvydas*, 533 U.S. at 690-91. The Second Circuit has held that the *Matthews v. Eldridge* balancing test is applicable to determine the adequacy of process in the context of civil immigration confinement. *Velasco Lopez*, 978 F.3d at 851 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). This test requires process sufficient to mitigate the risk of erroneous deprivation of a liberty interest.

22.     Numerous courts in this district and others across the country have held that these detentions violate not only the Immigration and Nationality Act but also the due-process clause. *See Padilla Molina v. Deleon*, No. 25-CV-06526, 2025 WL 3718728, at \*5 (E.D.N.Y. Dec. 23, 2025); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Guerrero v. Noem*, No. 25-cv-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025)); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, (S.D.N.Y. August 13, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491, at \*5 (S.D.N.Y. Nov. 14, 2025); *Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737 at \*4 (S.D.N.Y. June 18, 2025).

23.     Finally, ICE officers' authority to conduct warrantless arrests is prescribed in 8 U.S.C. 1357(a)(2). That statute requires that officers have "reason to believe" a person is in the U.S. in violation of laws *and* "is likely to escape before a warrant can be obtained for his arrest." That

assessment must be individualized. In order to comport with the Fourth Amendment, this is tantamount to a probable-cause standard.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

24.     Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

25.     Petitioner's detention violates both the substantive and procedural components of the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

26.     Because "[i]n this country liberty is the norm and detention 'is the carefully limited exception,'" *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (*quoting United States v. Salerno*, 481 U.S. 739, 755 (1987)), a reasoned, individualized determination is essential to ensure that detention is not an unnecessary—and thus erroneous—deprivation. Yet Respondents now contend that Petitioner is ineligible for bond under *Matter of Yajure Furtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner's mandatory detention, following a summary apprehension that failed to consider his individualized circumstances, violates his right to due process.

27.     Petitioner was not accorded sufficient process prior to his sudden detention by ICE. On information and belief, he received neither notice nor an opportunity to be heard as to whether detention was warranted. *See Padilla Molina*, 2025 WL 3718728, at *5; *Hyppolite*, 2025 WL 2829511, at *13; *see also Cuy Comes*, 2025 WL 3206491, at *5 (ordering immediate release where

"ICE summarily detained Cuy Comes without making an individualized determination as to his risk of flight or his danger to the community, let alone affording him notice or opportunity to be heard").

28.    Petitioner's detention also violates his right to substantive due process. Because he poses neither a danger nor a flight risk, his detention serves no lawful purpose.

29.    Respondents' actions violate Petitioner's right to due process.

**COUNT TWO**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

30.    Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

31.    The Administrative Procedure Act prohibits agency action which is arbitrary and capricious; contrary to constitutional right; not authorized by statute; or taken "without observance of procedure required by law." 5 U.S.C. § 706(2).

32.    An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

33.    Respondents' current construction of its detention authority, including the treatment of Petitioner as subject to mandatory detention, violates the Immigration and Nationality Act and therefore the Administrative Procedure Act.

**COUNT THREE**
**VIOLATION OF THE FOURTH AMENDMENT**
**AND 8 U.S.C. § 1357**

9

34.     Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

35.     "The Fourth Amendment applies to all seizures of the person." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). Except at the border and its functional equivalents, the Fourth Amendment prohibits Respondents from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *Id.* at 884. The Government bears the burden of providing "specific and articulable facts" to support reasonable suspicion.  *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). The race of an individual cannot itself create reasonable suspicion, even for a temporary stop.  *United States v. Brignoni-Ponce*, 422 U.S. 873, 887 (1975); *Noem v. Vasquez Perdomo*, No. 25A169, --- S.Ct. ----, 2025 WL 2585637, at *3 (Sep. 8, 2025) (Kavanaugh, J., concurring). Officers lacked reasonable suspicion to perform a detentive stop of Petitioner.

36.     A search or seizure requires probable cause to believe a noncitizen "is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357 (a)(2). "Though 8 U.S.C. § 1357(a)(2) uses the phrase 'reason to believe; as the standard for executing warrantless civil immigration arrests, 'aliens in this country are sheltered by the Fourth Amendment in common with citizens,' and therefore, to avoid running afoul of the Fourth Amendment, this statutory phrase is 'considered the equivalent of probable cause.'" *Escobar Molina*, 2025 WL 3465518, at *13  (quoting *Au Yi Lau v. U.S. Immigr. & Naturalization Serv.*, 445 F.2d 217, 222-23 (D.C. Cir. 1971)); *see also United States v. Rodriguez*, 532 F.2d 834, 838 (2d Cir. 1976) (recognizing that arrests under 8 U.S.C. § 1357(a)(2) require probable cause); *English v. Sava*, 571 F. Supp. 1029, 1034 (S.D.N.Y. 1983) (construing 8 U.S.C. § 1357(a)(2) to require probable cause). Officers lacked probable cause to seize Petitioner.

37.    Respondents' actions violated Petitioner's rights under the Fourth Amendment and 8 U.S.C. § 1357.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Petitioners respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's removal from the United States and transfer from the Southern District of New York, Eastern District of New York, or District of New Jersey pending adjudication of the instant petition;

3. Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act;

5. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner without GPS monitoring;

6. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

7. Grant such further relief as this Court deems just and proper.

Dated: February 19, 2026

/s/ Paige Austin
Paige Austin
Harold A. Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690
Paige.Austin@maketheroadny.org
Harold.solis@maketheroadny.org

11

**CERTIFICATE OF SERVICE**

I certify that on February 19, 2026, I electronically filed the attached the foregoing Petition for

Writ of Habeas Corpus with the Clerk of the Court for the United States District Court for the

Eastern District of New York using the CM/ECF system. Service will therefore be effected by

the CM/ECF system.

/s/ Paige Austin
Paige Austin
Make the Road New York
301 Grove St.
Brooklyn, NY
Tel.: (718) 418-7690 ext. 4139
Fax: (866) 420-9169
Email: paige.austin@maketheroadny.org

*Attorney for Petitioner*

12