

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza. 5th Floor*
*Central Islip, New York 11722*

March 23, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Maldonado Santos v. Genalo et al.*, No. 26-cv-00974 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents Kenneth Genalo, Field Office Director of New York, Immigration and Customs Enforcement, Immigration and Customs Enforcement ("ICE"), Kristi Noem, Secretary, U.S. Department of Homeland Security, and Pamela Bondi, Attorney General of the United States (collectively, "Respondents") in the above referenced habeas matter. Respondents respectfully submit this letter in response to the petition for a writ of habeas corpus (the "Petition") (Docket Entry ("DE") No. 1) filed by Petitioner Eleuterio Maldonado Santos ("Petitioner") on February 19, 2026. The primary legal issues presented by this action concern whether Petitioner's detention by ICE is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226, whether that detention comports with Fifth Amendment Due Process, whether Petitioner's arrest violated the Fourth Amendment and how, if at all, Petitioner's previous grant of Temporary Protected Status ("TPS") affects the detention authority analysis.

Statement of Relevant Facts

As discussed in the attached Declaration of Patrick Heerey ("Heerey Declaration"), Petitioner is a Honduran national, who entered the United States without inspection, admission, or parole on an unknown date and at an unknown place. Petitioner previously was approved for TPS through U.S. Citizenship and Immigration Services ("USCIS").  Petition ¶ 12. Petitioner's last re-registration application for TPS with USCIS was approved on April 26, 2024, and was valid until July 5, 2025.

On July 8, 2025, USCIS published notice in the Federal Register of  the termination of the designation of Honduras for TPS.  *See* 90 Fed. Reg. 30089 (July 8, 2025). Pursuant to 8 C.F.R. § 244.19 ("Termination of designation"), Honduran nationals afforded TPS, upon the sixtieth day after the date notice of termination is published in the Federal Register, or on the last day of the most recent extension, "automatically and without further notice or fight of appeal lose Temporary Protected Status." 8 C.F.R. 244.19. Accordingly, effective September 8, 2025, 60 days after the publication of the Federal Register notice of termination, USCIS terminated the TPS designation of Honduras. *See* 90 Fed. Reg. 30089 (July 8, 2025).

As discussed in the Heerey Declaration, on February 18, 2026, a team of agents from ICE and U.S. Customs and Border Patrol ("CBP") were conducting an operation in the vicinity of Roslyn, New York.  The team ran the license plate on a vehicle through Department of Motor Vehicle databases, which showed that the vehicle was registered to Petitioner. Upon determining that Petitioner was not lawfully in the United States, the team initiated a traffic stop and confirmed Petitioner's identity after he provided a New York State license bearing his name and date of birth. Petitioner was detained pursuant to an I-200 warrant of arrest. During processing, Petitioner was issued a Form I-862, Notice to Appear ("NTA"), and referred to immigration court.

Procedural History

The Petition was filed on February 19, 2026.  DE No. 1.  On the same date, the Court issued an Order to Show Cause (the "Order to Show Cause"), requiring Respondents  to show cause as to "whether it has any particularized reason to believe that Petitioner presents a danger to the community, a flight risk, or otherwise should be detained because of involvement with illegal narcotics, violence, criminal history, firearms, gang affiliation and the like" within 12 hours of the issuance of the Order to Show Cause.  DE No. 4.  Also on the same date, Respondents filed a letter response stating that they were not in possession of any information of a particularized reason to believe Petitioner "presents a danger to the community, a flight risk, or otherwise should be detained."  DE No. 6.  After the filing of Respondents' letter, Petitioner was ordered released on his own recognizance.  *See* DE dated February 19, 2026.  Petitioner was released later the same day.  *See* DE 7; Heerey Decl. ¶ 13.

This response to the Petition is submitted in accordance with Your Honor's Order to Show Cause, which provided the Government with 30 days "file legal and factual substantive opposition to the petition, which should include the factual bases for Petitioner's arrest."  *See* DE 4 at p. 2.  Attached hereto is the Heerey Declaration, which provides a summary of, and the bases for, Petitioner's arrest and detention.

Argument

Detention Authority

With respect to the issue of whether Petitioner's detention was effectuated pursuant to 8 U.S.C. § 1225(b)(2)(A) or § 1226(a), Respondents are aware of this Court's decisions in similar matters, as well as those of other judges in this district that the Court has cited approvingly. *See, e.g., Sanchez Alfaro v. Almodovar et al.*, No. 26-cv-00766, 2026 WL 734348 (March 16, 2026) (Brown, J.); *Garcia-Lanza v. Noem*, 26-cv-29, 2026 WL 585130 (March 3, 2026) (Brown, J.); *Gopie v. Lyons, et. al.*, 25-cv-5229, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.); and *Rodriguez-Acurio v. Noem, et.al.*, 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.). While Your Honor's decisions in *Sanchez Alfaro* and *Garcia Lanza* found that the issue of whether Respondents' detention authority derives from § 1225 or § 1226 was not dispositive, Your Honor did note that the Government provided a lengthy discussion of the § 1225/§ 1226 issue (*see Garcia Lanza*, 2026 WL 585130, at *6 and n.8), and therefore Respondents refrain from doing so again here.  While Respondents respectfully continue to take

the position set forth in *Garcia Lanza* – that an alien who has never been lawfully admitted to the country is subject to mandatory detention (*see generally Garcia Lanza* DE Nos. 11 and 14) -- Respondents acknowledge that, in view of the assessment of the § 1225/§ 1226 issue by most judges in this district who have considered it, and to whom Your Honor has cited approvingly, Respondents are unlikely to prevail in this action.[1]  Further, since the Court in *Sanchez Alfaro* and *Garcia-Lanza* questioned the timing of the issuance of an arrest warrant and the NTA occurring after apprehension as an additional ground for granting the writ (*see, e.g., Garcia-Lanza*, 2026 WL 585130, at \*5), Respondents acknowledge that they likely cannot prevail for that additional reason.

Effect of TPS on Detention Authority

The Petition makes reference to the Petitioner's former TPS and a California case regarding the termination of the TPS designation for Honduras.  Petition ¶ 12.  As stated in the Petition, the Ninth Circuit stayed a lower court decision finding that the termination of the TPS designation for Honduras violated the Administrative Procedure Act.  *See id.*  Accordingly, as stated above, USCIS' termination of the TPS designation of Honduras became effective September 8, 2025.  *See* 90 Fed. Reg. 30089 (July 8, 2028).  Therefore, Petitioner's assertion that he held TPS "until the present" (Petition ¶ 12) is incorrect, and Respondents respectfully submit that Petitioner's former TPS has no bearing on the outcome of this case.  *See also Hernandez Lazo v. Noem*, No. 2:25-CV-6639 (NJC), 2026 WL 303430, at \*4 (E.D.N.Y. Feb. 4, 2026) ("Nonetheless, the record reflects that Mr. Hernández Lazo's TPS is no longer in effect. Under 8 C.F.R. § 244.19, nationals afforded TPS lose that designation 'upon the sixtieth [ ] day after the date notice of termination is published in the Federal Register ... automatically and without further notice or right of appeal,' and Noem published the termination on July 8, 2025. 8 C.F.R. § 244.19.").[2]

\*\*\*

To conserve judicial resources and to expedite the Court's consideration of this case, the Government respectfully adopts its previous arguments in *Garcia-Lanza*, and submits that the Court can decide this matter without further briefing or additional hearings. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

---

[1] By way of an update to the Government's discussion of the § 1225/§ 1226 issue in the *Garcia Lanza* briefing, the Government notes that the appeal in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.) is proceeding on an expedited track and is scheduled for oral argument on April 6, 2026.

[2] The Court in *Hernandez Lazo* ultimately found that the petitioner, who was also a Honduran national with a former designation of TPS, was not subject to mandatory detention under Section 1225 but rather was detained under Section 1226(a), because he had been residing in the United States at the time ICE detained him.  *Hernandez Lazo*, 2026 WL 303430, at \*12.  As stated above, for the reasons stated in the Government's briefing before Your Honor in *Garcia Lanza* (*see Garcia Lanza*, DE Nos. 11 and 14) the Government respectfully submits that the proper detention authority in a case such as this one, where a petitioner has never been lawfully admitted, is pursuant to Section 1225, and not 1226.

3

Thank you for Your Honor's consideration of this submission.

<div style="margin-left:50%">

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ *Marika M. Lyons*
       Marika M. Lyons
       Assistant United States Attorney
       (631) 715-7822
       Marika.lyons@usdoj.gov

</div>

cc: <u>By ECF</u>
    Paige Austin
    Make the Road New York
    *Counsel for Petitioner*